**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JIMMY GETTINGS,<br><br>                    Plaintiff,<br><br>vs.<br><br>CEBU PACIFIC, *et al.*,<br><br>                    Defendants.<br>_____ | Case No. 2:15-cv-00767-JCM-CWH<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on Plaintiff Jimmy Gettings's ("plaintiff") Application for Leave to Proceed In Forma Pauperis (doc. # 1), filed April 24, 2015.

Pursuant to 28 U.S.C. § 1914(a), a filing fee of $350.00 is required to commence a civil action in federal district court in addition to a new $50.00 administrative fee, effective May 1, 2013, for a total of $400.00. The court may authorize the commencement of an action "without prepayment of fees and costs or security therefor, by a person who makes an affidavit that he is unable to pay such costs or give security therefore." 28 U.S.C. § 1915(a).

Plaintiff submitted the affidavit required by § 1915(a) to show that he is unable to prepay fees and costs or give security for them. In his application, plaintiff states he receives $760.00 in social security benefits, has no expenses, does not support anyone, does not own anything of value, and currently has $4.12 in his bank account. Based on this information, the Court finds that plaintiff's income is sufficient to pay the filing fee in this case. See Ross v. San Diego County, No. 08cv0107-BEN (RBB), 2008 WL 440413 (S.D. Cal. Feb. 14, 2008) (denying in forma pauperis application where

plaintiff received $2,100 in disability payments, owned a car and house, and "carried significant debt"); see also Samuel v. Nat'l Health Svs., Inc., No. 1:06-cv-01358-AWI-TAG, 2006 WL 2884795, at *1 (E.D. Cal. Oct. 10, 2006) (denying application where plaintiff received $752.40 per month in supplemental security income, received a $10,000.00 judgment, and owned a van valued at $500.00); Matter of Anderson, 130 B.R. 497, 500 (W.D. Mich. 1991) (earnings of $950 per month insufficient to show indigency where poverty level in Michigan was $6,620 per year); In re Fontaine, 10 B.R. 175, 177 (D. R.I. 1981) (no indigency where weekly net pay of $132, no dependents, and lived with mother to whom she paid $25 per week).

Because plaintiff has no expenses and has sufficient income to pay the filing fee, this Court finds that plaintiff has not satisfied the indigency requirement of 28 U.S.C. § 1915(a)(1). Having concluded that plaintiff is not indigent and therefore not entitled to proceed in forma pauperis, the Court need not screen the complaint under 28 U.S.C. § 1915(e)(2)(B), which requires dismissal of a case at any time if the Court determines the case is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

## CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that plaintiff's Application for Leave to Proceed In Forma Pauperis (doc. # 1) should be **denied**. Plaintiff should be required to pay the filing fee of $400.00 within thirty days from the date that an order denying plaintiff's application is entered. Failure to comply with that order will result in the Court recommending dismissal of this action.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The U.S. Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. Thomas v. Arn, 474 U.S. 140, 142 (1985). This circuit has also held that: (1) failure to file objections within the specified time, and (2) failure to properly address and brief the objectionable issues waives the right to appeal the district court's order and/or appeal factual issues from the order of the District Court. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991);

Britt v. Simi Valley United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

DATED: May 4, 2015

                                              _____
                                              **C.W. Hoffman, Jr.**
                                              **United States Magistrate Judge**